UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CR-66 |
| V. ) | |
| ) | (VARLAN/SHIRLEY) |
| MICHAEL M. RYERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on July 20, 2009, for an arraignment on the Superseding Indictment [Doc. 11] and a motion hearing on the defendant's Motion for Extension of Time to File Motions [Doc. 13] and Motion for Continuance [Doc. 14]. Assistant United States Attorney Kelly Ann Norris appeared on behalf of the government. Attorney Russell T. Greene appeared on behalf of the defendant, who was also present. Following the arraignment, the Court took up the defendant's pending motions.

This case was set for trial on July 28, 2009, before District Judge Thomas A. Varlan. Although the Superseding Indictment does not add any additional counts, it modifies or replaces six of the seven original counts. The defendant asks to continue the trial because of the changes to the indictment, the need to interview numerous out-of-town witnesses, and the recent receipt of new discovery. At the hearing, Attorney Greene informed the Court that he had also recently learned of potential discovery in the form of wiretap surveillance out of Claiborne County. AUSA Norris

1

informed the Court that she was looking into this potential discovery. The government did not object to a continuance of the trial in light of the Superseding Indictment. The Court questioned the defendant who stated that he understood the need for a continuance and that he would remain in custody until the new trial date. He did not object to a continuance of the trial.

The Court finds the defendant's motion for a continuance to be well taken. It finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The defendant seeks additional time to investigate the case and prepare pretrial motions in the wake of the new indictment. Additionally, new discovery was recently provided and more discovery may be forthcoming. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial on the Superseding Indictment, despite his due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **October 26, 2009**.

The defendant's Motion for Continuance [**Doc. 14**] is **GRANTED,** and the trial is reset to **October 26, 2009**. The Court finds, and the parties agree, that all the time between the **July 20, 2009** hearing and the new trial date of **October 26, 2009**, is fully excludable time under 18 U.S.C. § 3161(h)(7)(A)-(B). The defendant also asks to reset the motion-filing deadline. In light of the new developments in the case, the government had no objection. The defendant's Motion for Extension of Time to File Motions [**Doc. 13**] is **GRANTED**. The motion-filing deadline is reset to **August 28, 2009**, and the government's deadline for responses is **September 11, 2009**. A pretrial conference before the undersigned is scheduled for **September 17, 2009, at 1:30 p.m.** The new plea negotiation cut-off is also set for **September 17, 2009**.

Accordingly, it is **ORDERED**:

(1) The defendant's Motion for Continuance [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 26, 2009**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Court Judge;

(3) All time between the **July 20, 2009** hearing and the new trial date of **October 26, 2009**, is fully excludable time for speedy trial purposes as set forth above;

(4) The defendant's Motion for Extension of Time to File Motions [**Doc. 13**] is **GRANTED**. The motion-filing deadline is reset for **August 28, 2009**;

(5) The response deadline is extended to **September 11, 2009**;

(6) The parties shall appear before the undersigned for a pretrial conference on **September 17, 2009**, **at 1:30 p.m.**; and

(7) The plea negotiation cut-off is extended to **September 17, 2009**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge