UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-66 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL M. RYERSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court for consideration of the first Report and Recommendation (the "first R&R") [Doc. 28], entered by United States Magistrate Judge C. Clifford Shirley on December 2, 2009. Neither defendant nor the United States objected to the first R&R. This criminal case is also before the Court for consideration of the second Report and Recommendation (the "second R&R") [Doc. 46], entered by Magistrate Judge Shirley on February 12, 2010. Defendant filed an objection to the second R&R [Doc. 47] and the government filed a response in opposition to defendant's objection [Doc. 48].

**I.     The First R&R**

In the first R&R, Magistrate Judge Shirley recommended that defendant's Motion to Suppress [Doc. 19] be denied and that defendant's Second Motion to Suppress [Doc. 23] also be denied. In the first R&R, Magistrate Judge Shirley found that there was sufficient probable cause for the search warrants to issue and defendant presented no basis for the suppression of the evidence. While the Magistrate Judge found probable cause to search for

methamphetamine and items used to manufacture methamphetamine, pursuant to an independent review of the search warrants and supporting affidavits, Magistrate Judge Shirley found a lack of probable cause to search for firearms or other controlled substances unrelated to methamphetamine. Neither party filed objections to the first R&R.

As to this first R&R, there were no timely objections and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 51. After a careful review of the R&R, the Court is in agreement with Magistrate Judge Shirley's recommendation, which the Court hereby adopts and incorporates into its ruling. Accordingly, defendant's motion to suppress [Doc. 19] is hereby denied and defendant's second motion to suppress [Doc. 23] is also hereby denied. Further, and pursuant to Magistrate Judge Shirley's recommendation and this Court's agreement with that recommendation, any firearms or controlled substances seized pursuant to the search warrants shall be suppressed because the supporting affidavits failed to provide probable cause that these items would be located at the premises to be searched. Accordingly, the Court accepts in whole the first R&R [Doc. 28].

## II.   The Second R&R

Following the entry of the first R&R, the government filed a Motion for Finding Under the Plain View Doctrine and Notice of Intent to Introduce Evidence at Trial ("motion for finding under the plain view doctrine") [Doc. 30]. In this motion, the government indicated to the Court that it would not object to the first R&R, but that it intends to introduce a firearm in its case in chief, one that was recovered during the search. Accordingly, the

government seeks a ruling that the firearm, a Sig Sauer Model Sig-pro .40 caliber pistol, was properly seized under the "plain view" doctrine.

The Magistrate Judge properly treated the government's motion pursuant to Federal Rule of Criminal Procedure 12(b)(4)(A), which provides for notice of the government's intent to use evidence, at the government's discretion. *See* Fed. R. Crim. P. 12(b)(4)(A). The purpose of Rule 12(b)(4)(A) is "to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C)," which would usually consist of the defendant's filing of a motion to suppress. Fed. R. Crim. P. 12(b)(4)(A). However, in this case, defendant did not file a motion to suppress or respond to the government's motion. Because the government specifically requested affirmative relief in the motion, and because the issue was important to both parties, Magistrate Judge Shirley made known his intent to issue a report and recommendation on the merits of the government's motion. Thus, pursuant to this intent, Magistrate Judge Shirley issued the second R&R which addresses the plain view doctrine, an issue that was not raised by the parties or addressed by Magistrate Judge Shirley in the first R&R.

In the second R&R [Doc. 46], Magistrate Judge Shirley found that the Sig Sauer Model Sig-pro .40 caliber pistol was properly seized under the "plain view doctrine" and recommended that the Court grant the government's motion [Doc. 30]. Defendant filed a timely objection to the second R&R [Doc. 47], stating that defendant "specifically objects to the finding of the Magistrate Judge that the firearms were legally seized pursuant to the "Plain View Doctrine." [*Id.*, ¶ 5]. However, defendant has not offered any grounds

3

supporting his objection, submitting to the Court neither factual nor legal argument to support his objection.

The United States Court of Appeals for the Sixth Circuit explained the scope of *de novo* review of a magistrate judge's report and recommendation in *Mira v. Marshall*, 806 F.2d 636 (6th Cir 1986):

> Title 28 U.S.C. § 636(b)(1) provides for *de novo* review of those portions of a magistrate's report or recommendations to which objections have been made by any party. But the district court need not provide *de novo* review where the objections are "[f]rivolous, conclusive or general." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. at 410 (footnote omitted); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983), *cert. denied*, 464 U.S. 1050, 104 S. Ct. 729, 79 L. Ed. 2d 189 (1984).

*Mira*, 806 F.2d at 637.

In *Howard v. Secretary of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991), the Sixth Circuit explained that a general objection to a report and recommendation is the same as failing to object:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

4

*Howard*, 932 F.2d at 509 (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)).

In the instant case, defendant objects to the finding of the second R&R but does not cite any specific issues, facts, or law for review [*see* Doc. 47]. Having failed to offer any specific issues for review, the Court must conclude that defendant has stated a general objection. Accordingly, as explained in *Mira* and *Howard*, defendant is not entitled to *de novo* review of Magistrate Judge Shirley's second R&R. *See Howard*, 932 F.2d at 509 (citation omitted); *Mira*, 806 F.2d at 637.

Nevertheless, the Court has reviewed the record and considered the relevant documents, including, Magistrate Judge Shirley's recommendations in the second R&R [Doc. 46], the government's motion [Doc. 30], and defendant's objection [Doc. 47]. After careful consideration, the Court is in agreement with Magistrate Judge Shirley's recommendation in the second R&R that the Sig Sauer Model Sig-pro .40 caliber pistol was properly seized under the "plain view doctrine" and the government's motion [Doc. 30] is hereby granted. Accordingly, the Court will overrule defendant's objection [Doc. 47], and accept in whole the findings of the second R&R [Doc. 46].

### III. Conclusion

For the reasons stated herein, defendant's motion to suppress [Doc. 19] is hereby **DENIED**, defendant's second motion to suppress [Doc. 23] is also hereby **DENIED**, and the Court **ACCEPTS IN WHOLE** the first R&R [Doc. 28]. Further, the government's motion under the plain view doctrine [Doc. 30] is hereby **GRANTED** and the Court will

5

**OVERRULE** defendant's objection [Doc. 47], and **ACCEPT IN WHOLE** the findings of the second R&R [Doc. 46].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
