UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-66 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RYERSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal matter is before the Court on the defendant's motion to withdraw his guilty plea [Doc. 84], which he entered before this Court on August 27, 2010. The United States has responded in opposition [Docs. 88, 94]. On December 20, 2011, the Court held an evidentiary hearing on the defendant's motion, during which the parties presented testimony and oral argument. At the conclusion of the hearing, the Court took the defendant's motion under advisement.

After careful consideration of the defendant's motion, the government's opposition briefs and supporting exhibits, the testimony at the evidentiary hearing, the oral arguments, and the relevant law, the defendant's motion [Doc. 84] will be **DENIED**.

**I. Background**

On May 20, 2009, an indictment was filed against the defendant, followed by a superseding indictment on June 16, 2009, and a second superseding indictment on January 20, 2010 [Docs. 4, 11, 38]. The defendant was initially represented by attorney Russell

Greene ("Mr. Greene"). In April 2010, attorney Andrew Roskind ("Mr. Roskind") was substituted for Mr. Greene as counsel for the defendant [Doc. 57]. In the course of the pre-trial litigation, the defendant's trial date was reset at least three times, with his last trial date being August 31, 2010 with a corresponding plea cut-off deadline of August 10, 2010. In light of the parties' agreement, that plea cut-off deadline was later extended to August 12, 2010.

On August 12, 2010, the defendant signed a plea agreement [Doc. 66], in which he pled guilty to counts one and seven of the second superseding indictment. Count one charged the defendant with conspiracy to manufacture, distribute, and possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [*Id.*, ¶ 1(a)]. Because the defendant had a prior conviction for a felony drug offense, the plea agreement stipulated that the punishment for count one was a term of imprisonment of at least twenty years and up to life imprisonment [*Id.*]. Count seven charged the defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (" § 924(c)") [*Id.*, ¶ 1(b)]. The plea agreement stipulated that the punishment for count seven was a term of imprisonment of at least five years and up to life, consecutive to any other term of imprisonment imposed [*Id.*]. The defendant appeared before the undersigned on August 27, 2010 to officially change his plea of not guilty to a plea of guilty [Doc. 65]. The defendant's sentencing was set for January 6, 2011.

The defendant filed a sentencing memorandum on December 27, 2010 [Doc. 70]. The defendant's sentencing hearing was moved from January 6, 2011, to January 27, 2011, and

2

reset again to April 21, 2011. On April 19, 2011, the defendant, through Mr. Roskind, filed the motion to withdraw his guilty plea [Doc. 84].

In the motion, the defendant asserted that at the time he entered his guilty plea, he was confused about his case in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the United States Court of Appeals for the Sixth Circuit held that the five-year consecutive mandatory minimum required under § 924(c) should not be imposed consecutively when another count of conviction carries a higher mandatory minimum. *Id.* On November 15, 2010, in *Abbott v. United States*, — U.S. —, 131 S.Ct. 18 (2010), the United States Supreme Court abrogated *Almany*, holding that a "defendant is subject to a mandatory consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.*, 131 S.Ct. at 23. Given this background, the defendant asserted that he can establish a fair and just reason for the withdrawal of his guilty plea and informed the Court that because Mr. Roskind would necessarily be a fact witness for the defendant's motion to withdraw his guilty plea, Mr. Roskind would be filing a motion to withdraw as counsel, which he did shortly thereafter [Doc. 85]. The government then filed a response in opposition [Doc. 88] to the defendant's motion to withdraw his guilty plea.

After a hearing, the magistrate judge issued an order denying [Doc. 87] Mr. Roskind's motion to withdraw as counsel. The magistrate judge noted, however, that if the Court granted the defendant's motion to withdraw his guilty plea, Mr. Roskind could re-file his motion to withdraw as counsel.

3

A hearing was held before this Court on April 21, 2011, during which the Court heard oral argument pertaining to the defendant's motion to withdraw his guilty plea, and Mr. Roskind's motion to withdraw as counsel, which Mr. Roskind had orally re-newed at the hearing. The Court granted Mr. Roskind's motion to withdraw as counsel and ordered that, upon appointment of new counsel, a hearing would be held on the defendant's motion to withdraw his guilty plea [*Id.*]. On June 8, 2011, attorney John Eldridge ("Mr. Eldridge") was substituted as counsel for the defendant [Doc. 90]. An evidentiary hearing date of December 20, 2011 was set for the defendant's motion to withdraw plea. Prior to that date, the government filed a supplemental response in opposition [Doc. 94] to the defendant's motion to withdraw his guilty plea.

At the hearing on December 20, 2011, Kelly Norris ("AUSA Norris") appeared for the government, Mr. Eldridge appeared for the defendant, and Mr. Roskind appeared as a witness for the defendant. The parties presented oral argument and Mr. Roskind testified on behalf of the defendant. At the conclusion of the hearing, the Court took the defendant's motion to withdraw plea [Doc. 84] under advisement.

**II.  Analysis**

    **A.  Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)(B)**

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

4

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
>     (A) the court rejects a plea agreement under Rule 11(c)(5); or
>     (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted the defendant's guilty plea. Accordingly, the defendant must show a "fair and just reason" to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992) (citation omitted); *see also* Fed. R. Crim. P. 11(d).

Thus, the defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Alexander*, 948 F.2d at 1003 (citation omitted). In *United States v. Bashara*, the United States Court of Appeals for the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has prior criminal experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d 1174, 1181 (6th Cir. 1994), *cert. denied*, 514 U.S. 1033 (1995), *superseded by statute on other grounds*, U.S.S.G. § 3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*).

The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—any prejudice to the government. *Alexander*, 948 F.2d at 1004. Although the *Bashara* and *Alexander* courts were operating under the then controlling Federal Rule of Criminal Procedure 32(e),[1] the same factors and rationale are still applicable to the analysis

---

[1] The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P.

6

of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g.*, *Ellis*, 470 F.3d 275, 281; *Valdez*, 362 F.3d at 912.

## B. Application of the *Bashara* Factors

The Court will analyze each of the factors set forth in *Bashara* to guide it in determining whether the defendant has demonstrated a fair and just reason for withdrawal of his guilty plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B). The Court will then determine whether withdrawal is warranted after balancing any fair and just reason shown and any prejudice to the government.

### 1. The amount of time that elapsed between the plea and the motion to withdraw it

The defendant filed his motion to withdraw his guilty plea seven months and twenty-three days after he pled guilty, and nearly five months since the Supreme Court issued the *Abbott* decision abrogating *Almany*. The government contends that these two periods of time, the nearly eight-month period between the defendant's guilty plea and his motion, and the five-month period between the *Abbott* decision and his motion, fall outside the boundary line between what the Sixth Circuit deems acceptable, and what it does not. *See United States v. Taylor*, No. 08-1794, 2009 WL 1884464 (6th Cir. July 1, 2009) (upholding denial of a defendant's motion to withdraw plea when six months had elapsed between the guilty plea and the motion); *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th

---

32(e) (West 2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), *cert. denied*, 535 U.S. 1058 (2002).

7

Cir. March 6, 2009) (noting that a thirty-day period between the plea and the motion to withdraw weighed in the defendant's favor but, only slightly, as thirty days is at the "boundary line between what is acceptable and what is not"); *Valdez*, 362 F.3d at 912-13 (holding that a seventy-five day delay justified the denial of the defendant's motion to withdraw his plea).

In this case, the crux of the defendant's argument is that he believed, at the time of his guilty plea, that given the Sixth Circuit's holding in *Almany*, he would not be exposed to the consecutive five-year mandatory minimum sentence under § 924(c). However, whether the Court views the amount of time that elapsed between his guilty plea and his motion, or the Supreme Court's decision in *Abbott* and his motion, the Sixth Circuit has consistently held this factor to weigh against defendants in cases with much shorter periods of time elapsing between the pleas and the motions to withdraw. Accordingly, the Court does not find this factor to weigh in favor of granting the defendant's motion.

### 2. The presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings

This factors considers whether any delay in the defendant's filing of the motion to withdraw plea is justified.

*Abbott* was decided on November 15, 2010, nearly two and a half months after the defendant entered his guilty plea. The defendant filed his motion to withdraw on April 19, 2011, nearly five months after the Supreme Court issued the *Abbott* decision and nearly seven months after the defendant pled guilty. After *Abbott* was decided and before the

8

defendant filed his motion to withdraw, the probation officer disclosed the Presentence Investigation Report (the "PSR") to the parties. The PSR states explicitly that the defendant faces the consecutive five-year mandatory minimum term of imprisonment for his conviction under § 924(c). In addition, on December 27, 2010, more than a month after *Abbott* was decided, the defendant filed a twenty-eight page sentencing memorandum [Doc. 70]. This sentencing memorandum contains no reference to either *Abbott* or *Almany* and states that the Guidelines range faced by the defendant is a "mandatory minimum sentence of 300 months – 240 months for conviction of the conspiracy and 60 months for possession of a firearm." [*Id.*, p. 4]. Furthermore, while the defendant asserts that there was no contact between Mr. Roskind and himself after *Abbott* was decided which would have prompted the defendant to ask Mr. Roskind to file a motion to withdraw his plea, Mr. Roskind testified at the evidentiary hearing that he met with the defendant after the PSR was disclosed and before he filed the sentencing memorandum. Finally, also after *Abbott* was issued but before the defendant filed his motion to withdraw, the defendant, through his counsel, was in communication with the government regarding the potential for the defendant to cooperate and receive a downward departure motion.

    Given the foregoing, the Court does not find the defendant's confusion regarding *Almany* and its relationship to his case to be a valid reason for the defendant's failure to move for withdrawal of his plea at an earlier date. Assuming the defendant believed, at the time of his plea, that he would not be exposed to the mandatory consecutive five years required under § 924(c), by virtue of the defendant and Mr. Roskind's discussion of the PSR and the

defendant's upcoming sentencing, and counsel for the defendant's discussions with the government regarding the defendant's potential exposure to incarceration, the defendant and his counsel were aware much earlier than the date on which the defendant filed his motion that the defendant was facing the mandatory consecutive five years required under § 924(c) by virtue of their discussion of the PSR. Furthermore, the defendant stated in his sentencing memorandum that he faced the mandatory consecutive five years required under § 924(c), with no mention of *Almany* or *Abbott*. Accordingly, the Court concludes that this factor weighs against granting the defendant's motion.

### 3. Whether the defendant has asserted or maintained his innocence

In regard to this third factor, courts have taken into account the absence of a defendant's vigorous and repeated protestations of innocence. *Alexander*, 948 F.2d at 1004 (citing *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977)).

The defendant asserts that throughout this case he has maintained his innocence in regard to his conviction of the § 924(c) charge. The defendant states, however, that he has not similarly maintained his innocence in regard to his conviction of conspiracy to distribute methamphetamine, a conviction which carries a potential punishment of at least twenty-years and up to life imprisonment. In addition, the defendant argues that at his change of plea hearing, he was uncomfortable pleading guilty to the § 924(c) charge and the factual basis of the plea agreement regarding that charge.

The government asserts that the defendant has not maintained his innocence in regard to these charges, noting that it engaged in discussions with the defendant about his plea prior

to entry of his guilty plea, that the defendant objected to certain facts in the factual basis of the plea agreement, and that, because of the defendant's objections, the government changed certain facts in the plea agreement. The government also points out that the defendant was questioned by the Court at the change of plea hearing, that the defendant affirmatively pled guilty to the § 924(c) charge, and that when questioned by the Court regarding the factual basis for the plea agreement, the defendant manifested his full agreement that those facts, including the facts pertaining to the § 924(c) charge, were true and accurate. The government also points out that upon being interviewed by the probation officer for the PSR, the defendant agreed that the facts underlying his guilty plea, including the facts pertaining to the § 924(c) charge, were accurate [PSR, p. 8, ¶ 31].

While the Court has noted the defendant's protestations of innocence regarding the § 924(c) charge, the Court finds that his conduct does not demonstrate that he has maintained his innocence in regard to this charge and that there is also an absence of repeated or vigorous assertions of innocence. The Court notes that the defendant actively discussed the factual basis of his plea agreement with the government and that the government changed several facts as stated in that factual basis due to the defendant's objections. Moreover, upon being questioned by the Court, the defendant manifested his agreement, in open court, to the factual basis underlying his plea and affirmatively pled guilty to the § 924(c) charge. Accordingly, the Court finds that this factor does not weigh in favor of granting the defendant's motion.

### 4. The circumstances underlying the entry of the guilty plea

Mr. Roskind's testimony at the evidentiary hearing is relevant to this factor and is summarized as follows.

According to Mr. Roskind's testimony, prior to the defendant's entry of his plea, Mr. Roskind discussed the implications of the *Almany* decision with the defendant and told the defendant that under *Almany* and the state of the law in the Sixth Circuit at the time, the defendant might not face the mandatory consecutive five-year term of imprisonment for the § 924(c) charge. Mr. Roskind testified that he also told the defendant that given the statutory punishments available under the charges he was pleading guilty to, his felony drug conviction, and the nature of federal sentencing, the Court could still impose a sentence of life imprisonment, notwithstanding the holding in *Almany*. Mr. Roskind also testified that he had discussions concerning *Almany* and the likelihood that it would be overturned with AUSA Norris prior to the defendant's plea. Finally, Mr. Roskind testified that had he known *Almany* was going to be abrogated, his advice to the defendant regarding entering his guilty plea under the plea agreement offered by the government would have been different.

The defendant asserts that Mr. Roskind's testimony, particularly the fact that Mr. Roskind would have advised the defendant differently regarding his plea, is a circumstance underlying the entry of the defendant's plea that weighs towards granting a withdrawal.

The Court disagrees. First, as the government points out, the defendant was advised, on at least three occasions, that his sentence for the § 924(c) conviction was to be served consecutively to any other term of imprisonment imposed—at the defendant's initial

appearance and arraignment on the initial indictment, at the defendant's initial appearance on the superseding indictment, and at the defendant's change of plea hearing. At no time did the defendant question the consecutive nature of the sentence for the § 924(c) conviction. Second, the defendant's overall prison exposure was not changed by either *Almany* or *Abbott* because the defendant faced the possibility of a sentence of life imprisonment both prior to and after *Almany*'s reversal. Third, the defendant's plea agreement specifically states that the defendant's conviction of the § 924(c) charge requires that his sentence for this charge be served "consecutively" to any other sentence imposed [Doc. 66, ¶ 1(a)]. Fourth, the defendant entered his guilty plea after pre-trial litigation and therefore had the benefit of full discovery and trial preparation on which to base his decision to pled. Fifth, as submitted by the government, the defendant signed his plea agreement at least a week before formally pleading.

On balance, the Court finds that this factor does not weigh in the defendant's favor and that the circumstances surrounding his plea do not reflect an uninformed or hasty decision to pled guilty. Even if Mr. Roskind would have advised the defendant differently had he known *Almany* was going to be abrogated, the Court does not find this to be a sufficient reason for withdrawing the defendant's guilty plea when the defendant entered into his plea with knowledge of the charges against him and the possible punishments carried by those charges. Accordingly, the Court finds that this factor weighs against granting the defendant's motion.

13

### 5. The defendant's nature and background

A defendant's intelligence, sophistication, and understanding of his plea are relevant to the Court's analysis of this factor. *See Ellis*, 470 F.3d at 285 (finding that this factor supported denial of defendant's motion because the defendant was highly educated and sophisticated and understood what he was doing when he entered his plea). *See also United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007).

Neither party offered argument on this factor. The Court notes, however, that the defendant is in his mid-thirties, he is a high school graduate, he has had training in running equipment and diesel motors, and has held several jobs. There is no indication that the defendant did not understand that he was pleading guilty to charges carrying the potential for a substantial term of imprisonment or that he was unaware of the consequences of pleading guilty. Accordingly, the Court finds this factor does not weigh in favor of granting the defendant's motion.

### 6. The degree to which the defendant has prior experience with the criminal justice system

For this factor, the Court considers whether a defendant is "a novice" to or is "familiar with" the criminal justice system. *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987) (quoting *United States v. Kirkland*, 578 F.2d 170, 171-72 (6th Cir. 1978)).

The defendant asserts that his experience with the criminal justice system comes primarily from his experience with the state court system, which, the defendant argues, is very different from the federal court system, especially each systems' sentencing laws and

Case 3:09-cr-00066-TAV-CCS Document 97 Filed 01/13/12 Page 14 of 17 PageID #: 719

procedures. The government contends that the defendant has prior convictions related to illegal firearms and a prior drug felony conviction. The government also points out that the defendant has demonstrated a relative familiarity with the criminal justice system by filing a *pro se* motion for review of counsel in this case and demonstrating that he has the ability to make a request to the Court.

While the defendant's experience with the criminal justice system is primarily from state court, and the Court agrees that state sentencing laws and procedures differ in many ways from those in the federal system, given the defendant's prior convictions, the Court does not agree that the defendant is a novice or is unfamiliar with the criminal justice system. However, the Court also does not agree that filing a *pro se* motion necessarily demonstrates familiarity with the criminal justice system. On balance, the Court finds that this factor weighs in favor of neither party.

### C. A Fair and Just Reason for Requesting the Withdrawal

As noted above, while a court's decision regarding the withdrawal of a guilty plea is discretionary, in determining whether a defendant has presented a fair and just reason for the withdrawal, the Court may consider the non-exclusive *Bashara* factors as a guide in determining whether withdrawal is warranted.

As outlined above, the Court has determined that none of the *Bashara* factors weigh in the defendant's favor and that one factor does not weigh in favor of either party. Thus, the Court finds that the clear balance of the factors, particularly the second factor, regarding the timing of the defendant's plea, and the fourth factor, which probes the circumstances of

15

defendant's plea, is clearly weighted towards denying the motion. Thus, after due consideration of these factors, the Court finds that defendant has not presented a fair and just reason for withdrawal of his plea.

### D. Potential prejudice to the government if the motion to withdraw is granted

The final *Bashara* factor is the potential prejudice to the government if the motion to withdraw is granted. "[T]he government is not required to establish prejudice . . . unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Spencer*, 836 F.2d at 240; *see also Alexander*, 948 F.2d at 1004. However, when considering a motion to withdraw plea, a court may still consider the potential prejudice as it exercises its discretion. *Id.*

The defendant claims that the government would not be prejudiced. The government disagrees and asserts that it would be prejudiced because a substantial amount of time has passed since August 2010, when the government was engaged in preparations for the defendant's trial, and that the government would be faced with the risk of witness unavailability and fading memories were it forced to prepare for trial at this late date.

Even though, in this case, the Court need not consider this final factor, *see Alexander*, 948 F.2d at 1004, the Court finds that the government has nonetheless established prejudice if the defendant were permitted to withdraw his plea given the amount of time that has elapsed since the defendant's guilty plea and the passage of time since the defendant was initially scheduled for trial.

16

## III. CONCLUSION

For the reasons stated herein, the defendant's motion to withdraw guilty plea [Doc. 84] is **DENIED**. In light of this ruling, this matter is **SCHEDULED** for a sentencing hearing on **Wednesday, January 25, 2012, at 2:00 p.m.**

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE